UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

JOSHUA DUPAGE,                          )
                                        )
                    Plaintiff,          )
                                        )
v.                                      )          23-1242
                                        )
BRETT BUTLER, *et al.*                  )
                                        )
                    Defendants.         )

## **MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently incarcerated at Talladega FCI, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that police officers employed with the City of Pekin, Illinois, arrested him in January 2018 without probable cause. Plaintiff alleges that the arrest resulted in a prosecution in Tazewell County that prosecutors dismissed in March 2019 as part of a plea agreement in another case.

Lawsuits in Illinois pursuant to 42 U.S.C. § 1983 must be filed within two years of the date the alleged constitutional violations occurred. *Turley*, 729 F.3d at 651; *Liberty v. City of Chicago*, 860 F.3d 1017, 1019 (7th Cir. 2017). The latest a constitutional violation arising from Plaintiff's arrest and prosecution could have occurred was on March 28, 2019, the date Plaintiff alleges that the charges were dismissed. Plaintiff waited more than four years to file this lawsuit, and, thus, Plaintiff's claims are time-barred. Prosecutors are also "absolutely immune for actions they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause." *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017) (citation omitted).

The Court finds that Plaintiff's complaint is time-barred and that he sues individuals who are immune from suit. Plaintiff's complaint is dismissed with leave to renew as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Plaintiff's Motion to Fill in One of the Unknown Facts [19] is DENIED as moot. The Court does not accept piecemeal amendments. Plaintiff may include the fact in any amended complaint he files.**

**3)  Clerk is directed to send Plaintiff a blank complaint form.**

Entered this 11th day of October, 2023.

_s/Sara Darrow_
_____
SARA DARROW
CHIEF U.S. DISTRICT JUDGE
